# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES EARNEST BLACKWELL, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:2:15-CV-290-JEM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Remand [DE 19], filed by the Commissioner on May 5, 2016. Plaintiff filed a response on May 13, 2016, and on May 20, 2016, the Commissioner filed a reply. The Court granted Plaintiff's motion for leave to file a sur-reply, and he filed it on June 7, 2016.

## I.     Procedural Background

On June 30, 2012, Plaintiff filed an application for disability insurance benefits with the U.S. Social Security Administration ("SSA"). Plaintiff's application was denied initially and upon reconsideration. On March 11, 2014, Administrative Law Judge ("ALJ") David R. Bruce held a hearing, and on April 4, 2014, he issued a decision finding that Plaintiff was not disabled. On June 15, 2015, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner.  On August 4, 2015, Plaintiff filed the underlying Complaint seeking reversal of the adverse SSA determination.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42

U.S.C. § 405(g).

On January 28, 2016, Plaintiff filed a brief requesting that the matter be reversed and remanded with full benefits paid. Rather than file a response, the Commissioner instead filed the instant Motion moving for remand to the SSA for further proceedings pursuant to sentence four of Section 405(g) of the Social Security Act.

## II.     Standard of Review

The Social Security Act authorizes judicial review of a final decision of the SSA. 42 U.S.C. § 405(g). Under sentence four of Section 405(g), federal courts have "the power to enter, upon the pleadings and transcript of record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). At minimum, proper resolution of the Commissioner's decision requires that the ALJ explain his specific reasons for accepting or rejecting the proffered medical evidence and articulate his analysis of that evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the relevant evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595–96 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) ( "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."). A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in

2

evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Remanding for "[a]n award of benefits is appropriate . . only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion – that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## III. Analysis

In this case, the parties agree that the ALJ's decision was not supported by substantial evidence and that he erred in his analysis of the opinion of Plaintiff's treating source. Plaintiff argues that it is appropriate for the Court to reverse for award of benefits, but the Commissioner argues that the appropriate weight to be given a treating source opinion is a factual finding, best left to the Commissioner to address. Plaintiff argues that the treating physician's statement is entitled to controlling weight, and that Plaintiff's lack of intestine is not going to change or his symptoms improve. Accordingly, Plaintiff argues that a remand for benefits is appropriate. However, a remand for "award of benefits is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005) (quotation omitted). The Commissioner argues that there are still factual issues in this case. Although the ALJ erred in his consideration of the opinion of Plaintiff's treating physicians, the Commissioner argues that much of the other evidence that Plaintiff cites in favor of reversal was considered by the ALJ, so that there are still factual questions regardng the severity and frequency of Plaintiff's symptoms. The Court is not to substitute its judgment for that of the Agency, and the admitted failure of the ALJ to properly consider the treating physician statement does not answer all of the factual questions in this case. *See Clifford*, 227 F.3d at 869 (reasoning

3

that a court in its review of the entire administrative record does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of SSA). On remand, the ALJ must review the record and fully explain how all of Plaintiff's limitations are accounted for, supported by evidence, and incorporated into the RFC. In particular, the ALJ must reevaluate the medical opinion evidence, including the opinion of Dr. Chernfant, Plaintiff's treating physician, reassess Plaintiff's RFC, and, if necessary, obtain supplemental testimony from a vocational expert to assist in determining what jobs exist in significant numbers that Plaintiff can perform. In this case, because the ALJ has not properly weighed all the relevant evidence, this can only be resolved through a remand for further proceedings.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Remand [DE 19], **REVERSES** the Administrative Law Judge's decision, and **REMANDS** this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this opinion.

The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Plaintiff and against the Commissioner.

So ORDERED this 10th day of August, 2016.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record